UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-21868-MOORE/Elfenbein
(CASE NO. 11-CR-20842-COHN)

**TEOBALDO FUENTES**,

    Movant,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

    **THIS CAUSE** is before the Court upon Movant Teobaldo Fuentes's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255 (the "Motion"), CV ECF No. [1].[1] In the Motion, Movant attacks the legality of his convictions and sentences, entered following a guilty verdict in case number 11-CR-20842-COHN. *See* CV ECF No. [1] at 1-2, 4. Respondent United States of America ("Respondent") filed an Answer to the Motion (the "Answer"), CV ECF No. [7], to which Movant filed a Reply (the "Reply"), CV ECF No. [8]. The Honorable K. Michael Moore referred this matter to me "to take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters." ECF No. [5]. Having reviewed the Motion, Answer, and Reply, as well as the record and relevant law, I find that Movant's Section 2255 Motion must be **DISMISSED** for lack of subject-matter jurisdiction.

---

[1] For ease of reference, citations to the underlying criminal case, 11-CR-20842-COHN, will include "CR" preceding the docket number entry. Citations to the civil docket for this Motion will have a "CV" preceding the docket number entry.

1

CASE NO. 24-CV-21868-MOORE/Elfenbein

I.   **BACKGROUND**

On December 8, 2011, a federal grand jury returned a 20-count Indictment charging Movant with 14 counts of health-care fraud, in violation of 18 U.S.C. § 1347, three counts of aggravated identity theft, in violation of 28 U.S.C. § 1028(a)(1), and three counts of misbranding of prescription drugs after shipment in interstate commerce, in violation of 18 U.S.C. §§ 331(k) and 333(a)(2). *See generally* CR ECF No. [3]. On May 21, 2012, a jury returned a verdict, finding Movant guilty on all counts. *See generally* CR ECF No. [43]. For his crimes, the Court sentenced Movant to "259 months' imprisonment[] . . . [and] 3 years supervised release" and ordered him to pay "$3,444,833 in restitution[] . . . and a $2,000 special assessment." *Fuentes v. United States*, No. 14-CV-61833, ECF No. [8] at 5 (S.D. Fla. Nov. 4, 2014) (citation omitted). On August 10, 2012, Movant filed a Notice of Appeal; and, on July 15, 2013, the Eleventh Circuit Court of Appeals issued an opinion affirming Movant's convictions. *See id.* Following his unsuccessful appeal, Movant filed his first § 2255 motion, which the Honorable James I. Cohn denied on the merits. *See id.*; *Fuentes v. United States*, No. 14-CV-61833, ECF No. [9] (S.D. Fla. Dec. 24, 2014) (adopting report and recommendation to deny Movant's first § 2255 motion on the merits).

Nearly a decade after Judge Cohn denied his first § 2255 motion, Movant filed the instant Motion on May 14, 2024. *See generally* CV ECF No. [1]. In that pleading, Movant presents only one ground for relief: his "convictions and sentences imposed with regard to the Aggravated Identity Theft counts should be vacated, since the use of the other person's identification [is] not at the crux of the conduct illegality." *Id.* at 4. Movant premises this argument on the Supreme Court's holding in *Dubin v. United States*, 599 U.S. 110 (2023). *See* CV ECF No. [1] at 4.

As articulated in its Answer, Respondent opposes the Motion for three reasons. *See generally* CV ECF No. [7]. First, Respondent argues that the Court should dismiss the Motion as successive because Movant failed to seek authorization from the Eleventh Circuit before filing it.

2

*See id.* at 4-6. Second, Respondent contends that the Court should dismiss the Motion because Movant procedurally defaulted his *Dubin* claim. *See id.* at 6-9. Finally, Respondent argues that the Motion's sole argument for relief fails on the merits. *See id.* at 10-12.

In his Reply, Movant concedes that his Motion is successive but argues that it is nonetheless properly filed because § 2255(h) allows for the filing of successive § 2255 motions that rely on new decisional case law. *See* CV ECF No. [8] at 3-5. Movant then argues that the Court should excuse his procedural default because he can show (1) cause and prejudice and (2) that he is actually innocent of his aggravated identity theft convictions. *See id.* at 5-8. Lastly, Movant argues that his claim is meritorious because the conduct for which he was charged falls within the ambit of the Supreme Court's holding in *Dubin*. *See id.* at 8-10.

## II. LEGAL STANDARDS

"Jurisdiction is essentially [a court's] authority . . . to decide a given type of case one way or the other[.]" *Hagans v. Lavine*, 415 U.S. 528, 538 (1974) (citation omitted). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A district court's subject-matter jurisdiction is limited to one of three types: "(1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (citation omitted). Courts must inquire into the question of their jurisdiction over cases pending before them. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir.

1999) ("[I]t is well settled that a federal court is obligated to inquire into subject[-]matter jurisdiction *sua sponte* whenever it may be lacking." (citations omitted)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

### III.  DISCUSSION

"Before a prisoner may file a second or successive habeas petition [in the district court], he first must obtain an order from the court of appeals authorizing the district court to consider the petition." *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018) (citing 28 U.S.C. § 2244(b)(3)(A)); *see* 28 U.S.C. § 2255(h). "Absent such an order, the district court lacks jurisdiction to consider a second or successive habeas petition." *Thomas*, 737 F. App'x at 985 (citing *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009)); *see also Burton v. Stewart*, 549 U.S. 147, 157 (2007) ("[Petitioner] neither sought nor received authorization from the Court of Appeals before filing his 2002 petition, a 'second or successive' petition challenging his custody, and so the District Court was without jurisdiction to entertain it.").

Here, Movant argues that his aggravated identity theft convictions — entered in case number 11-CR-20842-COHN — are illegal because *Dubin* "held that a defendant 'uses' another person's means of identification 'in relation to' a predicate offense within the meaning of [the] aggravated identity theft statute when the use is at the crux of what makes the conduct criminal." CV ECF No. [1] at 4. Movant explains that in his case, "the use of [a] person's means of identification was not at the crux of what made the underlying healthcare fraud fraudulent, and, thus, [he] did not 'use' the other person's means of identification 'in relation to' the predicate offenses of healthcare fraud within [the] meaning of [the] aggravated identity theft statute;" rather, "the crux of the healthcare fraud was misrepresentation, and the other person's name was an ancillary feature of the method used to commit the fraud." *Id.*

As mentioned above, Movant concedes that his Motion is successive and does not suggest that he requested and obtained permission from the Eleventh Circuit Court of Appeals prior to filing the Motion. Instead, he argues that the Court, nonetheless, retains jurisdiction over the Motion because he bases his sole claim for relief on the Supreme Court's holding in *Dubin* — a claim that was unavailable to him when he filed his initial § 2255 motion. *See* CV ECF No. [8] at 5-8. However, new decisional case law does not render a § 2255 motion non-successive; instead, it is one of two potentially valid bases on which the Eleventh Circuit may authorize Movant to file a successive § 2255 motion. *See* 28 U.S.C. § 2255(h) ("A second or successive motion *must be certified . . . by a panel of the appropriate court of appeals* to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." (emphasis added)). In other words, *Dubin* does not confer subject-matter jurisdiction on this Court unless the Eleventh Circuit says so first.[2] *See Panetti v. Quarterman*, 551 U.S. 930, 947 (2007) ("In the usual case, a petition filed second in time and not otherwise permitted by the terms of § 2244 will not survive AEDPA's 'second or successive' bar."); *see also*

---

[2] To be sure, "the phrase 'second or successive' is not self-defining and does not refer to all habeas applications filed second or successively in time." *Stewart v. United States*, 646 F.3d 856, 859 (11th Cir. 2011) (footnote call number omitted; citing *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007)). If Movant could satisfy one of the well-established exceptions to the proscription against "second or successive" petitions, the Court might have jurisdiction to consider it. *See, e.g.*, *Boyd v. United States*, 754 F.3d 1298, 1301-02 (11th Cir. 2014). For instance, a "vacatur-based claim [that] did not exist until after the proceedings on [an] initial § [2254 petition or] § 2255 motion concluded" is not, technically speaking, "second or successive." *Id.* at 1302. This is the case when a state court conviction that supports a federal sentence is vacated. Similarly, where a "resentencing [leads] to a new judgment, [a subsequent § 2254 petition or § 2255 motion] challenging that new judgment cannot be 'second or successive' such that § 2244(b) would apply." *Magwood v. Patterson*, 561 U.S. 320, 331 (2010). Likewise, "when [a subsequent § 2254] petition [or § 2255 motion] is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014) (footnote call number omitted). Finally, if a claim only ripens after the conclusion of both the petitioner's direct *and* collateral reviews, the claim might not be "second or successive." *See Scott v. United States*, 890 F.3d 1239, 1256 (11th Cir. 2018). But, for this last exception to apply, the claim's very un-ripeness must have prevented the habeas petitioner from asserting the question at issue in the petition. *See id.* at 1249 (citing *Magwood*, 561 U.S. at 345 (Kennedy, J. dissenting)). None of these exceptions apply here.

*Armstrong v. United States*, 986 F.3d 1345, 1348 (11th Cir. 2021) (stating if a movant fails to obtain the Eleventh Circuit's authorization, the district court must dismiss a second or successive § 2255 motion for lack of jurisdiction).

In sum, the Motion is an unauthorized second and successive § 2255 motion, meaning Movant failed to establish this Court's jurisdiction "by a preponderance of the evidence." *McCormick*, 293 F.3d at 1257 (citation omitted). Because Movant fails to establish a proper basis for the exercise of this Court's jurisdiction, the Motion must be dismissed. *See Insignares v. Sec'y, Fla. Dep't of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014) ("[A] district judge lacks jurisdiction to decide a second or successive petition filed without our authorization." (footnote call number omitted)). Without jurisdiction to entertain the Motion, I decline to address Respondent's argument that Movant's *Dubin* claim is both procedurally defaulted and without merit.

## IV. CONCLUSION

For the foregoing reasons, I respectfully **RECOMMEND** that:

1. Movant Teobaldo Fuentes's Motion to Vacate, Set Aside, or Correct Sentence filed pursuant to 28 U.S.C. § 2255, **ECF NO. [1]**, be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

2. Any demands for an evidentiary hearing be **DENIED**.

3. A certificate of appealability **NOT ISSUE**.[3]

4. This case be **CLOSED**.

---

[3] Because the Court "lack[s] subject matter jurisdiction to consider the [instant] successive [motion], [the Court may] not issue a [certificate of appealability]." *Williams v. Chatman*, 510 F.3d 1290, 1295 (11th Cir. 2007) (citation omitted); *see also Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) ("[A] certificate is unnecessary to permit us to review the district court's order of dismissal [for lack of jurisdiction].").

CASE NO. 24-CV-21868-MOORE/Elfenbein

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE and SUBMITTED** in Chambers in Miami, Florida on August 30, 2024.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record