**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-cv-21868-KMM

TEOBALDO FUENTES,

     Movant,

v.

UNITED STATES OF AMERICA,

     Respondent.

_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Movant Teobaldo Fuentes's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (the "Motion") (ECF No. 1).  The Court referred the Motion to the Honorable Marty Fulgueira Elfenbein, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation.  (ECF No. 5).  On August 30, 2024, Magistrate Judge Elfenbein issued a Report and Recommendation, ("R&R") (ECF No. 9), recommending that the Motion be DISMISSED without prejudice for lack of subject-matter jurisdiction.  Neither Respondent nor Movant objected to the R&R.  Movant submitted a response to the R&R stating that the "filing should not be considered as Objections to the United States Magistrate's Report and Recommendations, rather it should be considered solely as a response to said Report and Recommendations."  (ECF No. 10) at 1.  The matter is now ripe for review.  As set forth below, the Court ADOPTS the R&R.

## I.    BACKGROUND

On December 8, 2011, Movant was charged with 14 counts of health-care fraud, in violation of 18 U.S.C. § 1347, three counts of aggravated identity theft, in violation of 28 U.S.C. § 1028(a)(1), and three counts of misbranding of prescription drugs after shipment in interstate commerce, in violation of 18 U.S.C. §§ 331(k) and 333(a)(2).  R&R at 2.  On May 21, 2012, a jury

found Movant guilty on all counts. *Id.* On August 10, 2012, Movant filed a Notice of Appeal. *Id.* On July 15, 2013, the Eleventh Circuit Court of Appeals affirmed Movant's convictions. *Id.* Following his unsuccessful appeal, Movant filed his first § 2255 motion. *Id.* On December 24, 2014, the Honorable James I. Cohn denied the motion on the merits. *See id.*

On May 14, 2024, Movant filed the instant § 2255 Motion to Vacate, Set Aside, or Correct Sentence. *See id.* Movant presents one argument, based on the Supreme Court's holding in *Dubin v. United States*, 599 U.S. 110 (2023), that his "convictions and sentences imposed with regard to the Aggravated Identity Theft counts should be vacated, since the use of the other person's identification [is] not at the crux of the conduct illegality." *Id.*

Respondent filed a response, opposing the Motion for three reasons. *See* (ECF No. 7). First, Respondent argues that the Court should dismiss the Motion as successive because Movant failed to seek authorization from the Eleventh Circuit before filing the Motion. *See* R&R at 2–3. Second, Respondent contends that the Court should dismiss the Motion because Movant procedurally defaulted his claim based on *Dubin*. *See id.* Third, Respondent argues that the Motion's sole argument for relief fails on the merits. *See id.*

Movant filed a reply. (ECF No. 8). First, Movant concedes that his Motion is successive but argues that it is proper based on § 2255(h) which allows for the filing of successive § 2255 motions that rely on new decisional case law. R&R at 3. Second, Movant argues that the Court should excuse his procedural default because he can show (1) cause and prejudice and (2) that he is actually innocent of his aggravated identity theft convictions. *Id.* Third, Movant argues that his claim is meritorious because his charged conduct falls within the confines of the Supreme Court's holding in *Dubin*. *Id.*

## II.    LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report.  *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).  "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review.  *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.    DISCUSSION

As set forth in the R&R, Magistrate Judge Elfenbein recommends that the Motion be dismissed without prejudice.  *See* R&R at 6.  Specifically, Magistrate Judge Elfenbein finds that the Court does not have jurisdiction to decide the Motion because Movant did not receive prior authorization to file the Motion from the Eleventh Circuit Court of Appeals.  *See id.*  "Before a prisoner may file a second or successive habeas petition [in the district court], he first must obtain an order from the court of appeals authorizing the district court to consider the petition."  *Thomas v. Sec'y, Fla. Dep't of Corr.*, 737 F. App'x 984, 985 (11th Cir. 2018) (citing 28 U.S.C. § 2244(b)(3)(A)); *see* 28 U.S.C. § 2255(h); *id.*  "Absent such an order, the district court lacks

3

jurisdiction to consider a second or successive habeas petition." *Thomas*, 737 F. App'x at 985 (citing *Tompkins v. Sec'y, Dep't of Corr.*, 557 F.3d 1257, 1259 (11th Cir. 2009)); *id.*

Movant admits that his Motion is a successive habeas petition and provides no indication that he requested and received authorization from the Eleventh Circuit Court of Appeals to file the Motion. *See* R&R at 5. Magistrate Judge Elfenbein finds that Movant's argument, that the Court retains jurisdiction over the successive Motion because it is based on new case law, i.e. *Dubin*, fails. *See id.* Instead, Magistrate Judge Elfenbein notes that new decisional case law is a potential basis on which the Eleventh Circuit may authorize an individual to file a successive § 2255 Motion, but that *Dubin* itself does not confer subject-matter jurisdiction on the Court unless the Eleventh Circuit says so first. *Id.*

Since Magistrate Judge Elfenbein finds that Movant fails to establish a proper basis for the exercise of the Court's jurisdiction, the R&R declines to address Respondent's second and third arguments, that Movant procedurally defaulted his *Dubin* claim and that the Motion's sole argument for relief fails on the merits, respectively. *See id.* at 6.

The Court received no objections to the aforementioned findings in the R&R. *See* (ECF Nos. 9, 10). Upon a review of the record, the Court finds no clear error with Magistrate Judge Elfenbein's findings that the Motion should be dismissed without prejudice due to the Court's lack of subject-matter jurisdiction.

## IV.    CONCLUSION

Accordingly, UPON CONSIDERATION of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Report and Recommendation (ECF No. 9) is ADOPTED. Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 1) is DISMISSED without prejudice. The Clerk of Court is instructed to CLOSE this case. No Certificate of

Appealability shall issue.  All pending motions, if any, are DENIED AS MOOT.  Movant may file

a new complaint in the event that the Eleventh Circuit grants leave to file a successive or second

Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.

      DONE AND ORDERED in Chambers at Miami, Florida, this __17th__ day of October 2024.

                                   K. MICHAEL MOORE
                                   UNITED STATES DISTRICT JUDGE

c: All counsel of record